Nash, J.
In the opinion of the presiding Judge we think there is error. The- covenant.is drawn.very inar-tifieially j but still the real meaning of the- parties is, upon a careful inspection, apparent. It is well settled, that,, in. the construction of. covenants, technical rules are not so much consulted, as the real meaning of the parties, where it can be-gathered from, the instrument itself. And to;arrive at the intention, sentences may be transposed, and, insensible words, or such as have no distinct meaning, may be rejected. The whole instrument must be taken together, and one part may be explained by another. Foster v. Frost, 4 Dev. 426. The first stipulation in this covenant, as to the price, is a key to the others following, and particularly *501 t<o the one we are considering. By the terms of the sale, the purchaser was obliged to pay, at the time, one eighth of his purchase money. Upon making this payment he received a certificate of purchase; and, not until he paid the whole, could he receive a grant. Lowry had made this first payment. This was known to the parties to this covenant, but it was not known, whether he had made or would make any further payment, or, if so, to what amount. By the sale to the plaintiff, he was substituted to the rights of Lowry, in the purchase from the State ; and, like him, could not obtain a title, until the claim of the State was satisfied, and the defendant by his purchase occupied the same position. Bjr the first condition it is stipulated, that, if Lowry had paid or should pay to the State the whole purchase money and make a conveyance to Harshaw, then the said Harshaw is to pay to Killian $195, the whole of what Lowry had paid, the full purchase money of the lot; and this, because Killian had, by his purchase,'acquired the contract of Lowry. It was, as, if he had paid the money to the State, he was entitled to receive it back from Harshaw. All this is plain, and it thereby appears, this was the whole that was to be paid by the defendant. But the second and third conditions are contradictory, and cannot stand together, under the construction put upon the latter in the Court below. They are as follow t But if the said Lowry refuse to pay the same to the State, the said Har-shaw is to pay the State himself; and, in that case, there is no provision for any payment to the plaintiff, for he will have paid nothing either by himself or by Lowry. But if Lowry has paid a part of the $19'5, “the remaining part of the said sum is to be paid to Killian.” Now it was known to the parties, that Lowry had paid the one eighth, for they knew, that, without so doing, he could not have obtained his certificate of purchase. Lowry was bound to the State for the other seven eighths. Kil-lian was not, and could not be called on for it — neither *502 was Harshaw bound. According to the second condition, if Harshaw paid the purchase money to the State, which was seven eighths and which was all that the State could claim, there^is no express provision for any other or further ■ payment to any one by him. But, under the construction put upon the third condition by the plaintiff, if Lowry had not paid more than the eighth, the defendant was .bound to pay the plaintiff the other seven eighths, leaving the defendant still to pay the same sum to the State, before he could get a title. This, it appears to us, could not be the true intent of the contract. What the parties to this covenant meant, was, that the defendant should pay to the plaintiff all that Lowry had paid or should pay to the State, in the purchase of the lot. This construction is in conformity to the first condition which is plain and sensible, and is fortified by the fact, that in the third condition, the sum mentioned, as to be paid to Killian, corresponds exactly with the purchase money to be paid by Lowry. It is admitted by all parties, that the covenant is obscurely worded; and it is our duty to put upon it such a construction, as, in our opinion, will carry out the intention of the parties, as appears on the face of the instrument. The defendant binds himself to complete th.e purchase from the State. If. in so doing, he has the whole of the purchase money to pay, he is to pay no more to any one. If Lowry has paid the whole, then the defendant is to pay the whole to Killian, upon getting a title from him. If less than the whole has been paid by Lowry, the defendant is bound to pay what is still due to the .State, so as to entitle him to call for a conveyance of the lot from its officers. Such appears to us the true construction of the instrument. It does injustice to no one, while that put upon it in the Court below evidently compels the defendant to pay for the lot twice — once to the plaintiff and again to the State — before he can get his title.
Per Curiam. Judgment reversed and venire de novo ordered.